UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**UNITED STATES OF AMERICA**        CASE NO.  3:24-CR-00164

**VERSUS**                          JUDGE TERRY A. DOUGHTY

**MAURICE MITCHELL**                MAG. JUDGE KAYLA D. MCCLUSKY

MEMORANDUM ORDER

Before the Court is a Motion in Limine filed by the United States of America ("the Government") [Doc. No. 56]. Defendant Maurice Mitchell ("Mitchell") opposed the Motion [Doc. No. 70], and the Government did not file a Reply.

For the reasons stated below, the Motion is **GRANTED IN PART AND DENIED IN PART**.

I.  BACKGROUND

On the evening of January 8, 2023, the Ouachita Parish Sheriff's Office received a call regarding a burglary in progress.[1] Dispatch radioed that a "caller advised that there are two male subjects breaking into storage units."[2] Officers were sent to the scene of the incident, Arrowhead Mini Storages, located at 616 Washington Street in West Monroe, Louisiana.[3] When three officers arrived, they observed one female and one male subject near the storage units.[4] Due to the high number of recent burglaries at the location, the officers attempted to make contact

---

[1] [Doc. No. 56, p. 1].
[2] [Id.].
[3] [Id.].
[4] [Id.].

with both individuals.[5] One of the officers sought the female, while the other two officers attempted to make contact with the male—who was later identified as Mitchell.[6] Mitchell was riding a bicycle in between two rows of storage units, but when he saw the officers, he began riding in the opposite direction.[7] The officers loudly identified themselves and ordered Mitchell to stop.[8] Mitchell looked back at the deputies and when doing so, he crashed his bicycle into a ditch.[9] He immediately began to flee on foot, leaving the bicycle, a bag, and a jacket behind.[10] The officers took Mitchell into custody shortly thereafter, after which time they recovered a loaded firearm inside the bag he left behind.[11]

On August 7, 2024, a federal grand jury returned a one-count Indictment charging Mitchell with violating 18 U.S.C. § 922(g)(1) for possessing a firearm and ammunition after being convicted of multiple felony offenses punishable by more than one year in prison.[12] On October 11, 2024, Mitchell filed a Motion to Suppress Evidence[13] claiming that there was no reasonable suspicion for his stop and frisk.[14] He challenged the legality of the *Terry* stop and the admissibility of the evidence obtained as a result of the stop. The Magistrate Judge issued a Report and

---

[5] [Id.].
[6] [Id., p. 2].
[7] [Id.].
[8] [Id.].
[9] [Id.].
[10] [Id.].
[11] [Id.].
[12] [Doc. No. 1].
[13] [Doc. No. 24].
[14] [Id.].

2

Recommendation[15] that Mitchell's motion be denied, and the Court adopted the recommendation and denied Mitchell's motion.[16]

On March 21, 2025, the Government filed the pending Motion in Limine.[17] The Government requests the Court to prohibit Mitchell from presenting at trial evidence or arguments concerning the legality of the *Terry* stop and the admissibility of the evidence and statements obtained as a result of the *Terry* stop.[18] Mitchell acknowledges that "he is not allowed to raise the *legal* issues regarding the stop, search, seizure, and arrest, and he does not contest that the *admissibility* of the evidence is not a question for the jury."[19] However, Mitchell opposes the Motion to the extent that it keeps the "jury from hearing the circumstances surrounding the stop, search, seizure, and arrest."[20] In other words, Mitchell fears that the Government's Motion would effectively violate his Sixth Amendment right to "present a complete defense."[21]

The issues have been briefed, and the Court is prepared to rule.

## II. LAW & ANALYSIS

### A. Standard of Review

Motions in limine permit courts to rule before trial on the admissibility and relevance of certain forecasted evidence. *Coates v. TNT Crane & Rigging, Inc.*, No. MO:22-CV-00018-DC, 2023 WL 11915701, at *1 (W.D. Tex. June 7, 2023). Granting

---

[15] [Doc. No. 38].
[16] [Doc. No. 40].
[17] [Doc. No. 56].
[18] [Id., p. 1].
[19] [Doc. No. 70, p. 2].
[20] [Id.].
[21] [Id., citing *Crane v. Kentucky*, 476 U.S. 683, 690 (1986)].

the motion bars parties from mentioning or alluding to evidence so highly prejudicial that a timely motion to strike or a jury instruction to disregard the evidence cannot overcome its prejudicial influence on the jurors' minds. *O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n. 1 (5th Cir. 1977).

Courts should only exclude evidence that is "clearly inadmissible on all potential grounds." *Rivera v. Robinson*, 464 F. Supp. 3d 847, 853 (E.D. La. 2020). However, motions in limine are frequently made abstractly and in anticipation of a "hypothetical circumstance" that may never develop at trial. *Collins v. Wayne Corp.*, 621 F.2d 777, 784 (5th Cir. 1980). Thus, a ruling on a motion in limine is not a final ruling on the admissibility of the evidence but rather an opinion that is speculative in effect. *Luce v. United States*, 469 U.S. 38, 41 (1984). In other words, the ruling may change when the case unfolds, and the Court may alter a previous ruling. *Id.*

### B. The Government's Motion

The Government seeks to bar Mitchell from presenting at trial evidence or arguments "concerning the legality of the *Terry* stop and the admissibility of the evidence and statements obtained as a result of the *Terry* [s]top."[22] As a preliminary matter, "the legality of the search and seizure in question, as well as the admissibility of any evidence obtained therein, are not issues for the jurors to decide." *United States v. Jefferson*, No. CR 19-174, 2022 WL 1050322, at *2 (E.D. La. Apr. 7, 2022) (citing *United States v. Lang*, 8 F.3d 268, 271 (5th Cir. 1993)). Both the Government and Mitchell appear to agree on that front. Thus, while Mitchell may attack the

---

[22] [Doc. No. 56, 1].

4

Government's version of events and the credibility of its witnesses, he may not argue to the jury that the *Terry* stop and subsequent search, seizure, and arrest were illegal or are issues for the jury to decide.

However, to the extent that the Government seeks to bar "any evidence and statements obtained as a result of the *Terry* stop," the scope of the Government's ask may be unclear. At an initial glance, it appears that the Motion only seeks to prevent arguments regarding the legality and admissibility of certain evidence. However, Mitchell says the Motion risks barring much more. While Mitchell agrees to the exclusion of the drugs and statements he made about the drugs, he also claims that the Government's request could exclude any mention of the firearm found in his backpack—which is the basis of the charges against him.

Again, the Court should only exclude evidence that is "clearly inadmissible on all potential grounds." *Rivera*, 464 F. Supp. at 853. In this instance, the "Court cannot determine the propriety of specific questions in advance." *Jefferson*, 2022 WL 1050322, at *2. And whether "there is a permissible basis for specific questions cannot be determined in a vacuum without the Court's understanding what information is sought, and what its possible evidentiary uses are in the context of the trial." *Id*.

In other words, as to a broad bar on all evidence or statements obtained as a result of Mitchell's *Terry* stop, the Court will rule on specific objections by the Government as they arise during the trial.

### III. CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that the Government's Motion in Limine [Doc. No. 56] is **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** that the Government's Motion is **GRANTED** to the extent that the Motion seeks to prevent Mitchell from relitigating (1) whether officers had a reasonable suspicion for a *Terry* stop, and (2) the admissibility of the evidence seized as a result of the *Terry* stop.

**IT IS FURTHER ORDERED** that the Government's Motion is **GRANTED** to the extent it seeks to exclude any evidence of drugs, their locations, and containers.

**IT IS FURTHER ORDERED** that the Government's Motion is **DENIED** to the extent it seeks to exclude anything else. All other evidence will be ruled on by the Court contemporaneously throughout the trial.

MONROE, LOUISIANA, this 2nd day of April, 2025.

_____
Terry A. Doughty
United States District Judge